# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JABORIE BROWN, | Case No. 1:21-cv-00629-EPG-HC |
|---|---|
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION |
| v. | |
| A. CIOLLI, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| Respondent. | |

Petitioner Jaborie Brown is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the instant petition, Petitioner challenges a sentence imposed by the United States District Court for the Southern District of Florida. As this Court does not have jurisdiction to entertain the instant petition pursuant to the savings clause of 28 U.S.C. § 2255(e), the undersigned recommends dismissal of the petition.

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. (ECF No. 1 at 1).[1] On April 15, 2021, Petitioner filed the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a sentence imposed by the United States District Court for the Southern District of Florida in Case No. 03-cr-20678. (ECF

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

No. 1). Petitioner argues that his sentence imposed by the United States District Court for the Southern District of Florida in Case No. 03-cr-20678 should be served concurrently with his prior sentence in Case No. 1:99-cr-00927-PSR-1. (ECF No. 1 at 6, 9–11). Petitioner requests that the Court order the Federal Bureau of Prisons ("BOP") to run Petitioner's sentence concurrently with his prior sentence. (Id. at 11).

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254[2] Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). Thus, a district court must address the threshold question whether a petition was properly brought under § 2241 or § 2255 in order to determine whether the district court has jurisdiction. Id. A federal prisoner may challenge the execution of his sentence by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015). A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255

---

[2] The Rules Governing Section 2254 Cases may apply to § 2241 habeas petitions. See Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254.

to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864–65. The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060).

      Petitioner argues that his sentence imposed by the United States District Court for the Southern District of Florida in Case No. 03-cr-20678 should be served concurrently with his prior sentence in Case No. 1:99-cr-00927-PSR-1. Petitioner purports to contest how his sentence is being carried out, calculated, or credited, and he argues that he was not given any credit for time spent in official detention prior to the date his sentence commenced, in violation of 18 U.S.C. § 3585(b)(2). (ECF No. 1 at 1, 6, 9). However, in actuality the petition challenges the validity of the consecutive sentence imposed by the United States District Court for the Southern District of Florida in Case No. 03-cr-20678. (ECF No. 1 at 6, 10–11). The Court finds that Petitioner cannot raise such a claim under § 2241 because he has failed to satisfy the requirements to proceed pursuant to the savings clause. Petitioner does not make a claim of actual innocence and does not demonstrate that he has not had an unobstructed procedural shot at presenting that claim. As Petitioner challenges the validity of his sentence, he must do so by moving the United States District Court for the Southern District of Florida to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.

///

///

///

3

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

Further, the Clerk of Court is DIRECTED to randomly ASSIGN a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 12, 2021**　　　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE