UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JABORIE BROWN,<br><br>  Petitioner,<br><br>  v.<br><br>A. CIOLLI,<br><br>  Respondent. | No. 1:21-cv-00629-NONE-EPG-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 6) |

Petitioner Jaborie Brown is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus purportedly brought pursuant to 28 U.S.C. § 2241. Petitioner contends that he has not received proper credit for time served prior to his sentencing because his sentence was to run run consecutively rather than concurrently to another sentence imposed upon him in a different matter. (*See* Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 13, 2021, the assigned magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be dismissed for lack of jurisdiction. (Doc. No. 6.) The magistrate judge found that petitioner's assertion that he is challenging the calculation of his sentence or the time credits he should receive, which are cognizable claims

1

under § 2241, to be incorrect. (*Id*. at 3.) Rather, the magistrate judge found that petitioner is challenging the sentence itself, insofar as he is contesting the validity of it running consecutively, which is a claim cognizable under 28 U.S.C. § 2255, not § 2241. (*Id*.) Petitioner did not argue that his petition qualifies to be brought under the "escape hatch" of § 2241 (also referred to as the "savings clause"). (*Id*.; *see also* Doc. No. 1.) Likewise, the magistrate judge found that the petition does not qualify for the escape hatch because petitioner does not argue that he is actually innocent and that he has not had an unobstructed procedural shot to bring his claim. (Doc. No. 6 at 3.) For these reasons, the magistrate judge concluded that petitioner's § 2241 claim is, in fact, cognizable under § 2255 as a direct challenge to the validity of his sentence. (*Id*.) Because that claim is cognizable under § 2255, and petitioner was sentenced by the United States District Court for the Southern District of Florida, the magistrate judge concluded this court lacks jurisdiction over the pending petition and recommended its dismissal. (*Id*. at 3–4.)

The findings and recommendations were served petitioner and contained notice that any objections were to be filed within thirty (30) days of the date of service of the findings and recommendations. On May 24, 2021, petitioner filed timely objections. (Doc. No. 7.) In his objections, petitioner appears to concede that this district court does not have jurisdiction over his claims, however, he references exhaustion of administrative procedures, which is not the basis for the magistrate judge's recommendation. (*Id*.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court holds the findings and recommendation to be supported by the record and proper analysis. Petitioner cites 18 U.S.C. § 3585(b)(2) to suggest he is not receiving proper credit for the time he served prior to his sentencing. (Doc. No. 1 at 6.) A claim on that ground may be cognizable under § 2241. *See, e.g., Pinnow v. Graber*, 452 F. App'x 740 (9th Cir. 2011) (affirming the district court's dismissal of a § 2241 petition on another ground where the petition raised sole claim under 18 U.S.C. § 3585(b)).[1] However, petitioner's claim does not rely

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

on § 3585(b)(2) and that statute may have been cited due to misunderstanding on the part of petitioner, because the argument he develops is based on the U.S. Sentencing Guidelines. (Doc. No. 1 at 2, 6, 10–11.) Petitioner argues that the sentencing judge should have sentenced him to concurrent time in prison, rather than to a consecutive sentence, because a concurrent sentence "would have served to achieve a reasonable sentence," citing § 5G1.3(c) of the guidelines. (*Id*. at 10.) Petitioner also argues that the sentence imposed in his case is disparate when compared to that of a similarly situated co-defendant who received a concurrent time sentence. (*Id*.) Such claims, if reviewable, must be presented to the sentencing court in the form of a § 2255 motion. *Alaimalo v. United States*, 645 F.3d 1042, 1046 (9th Cir. 2011) ("As a general rule, [section] 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention.").

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability (COA) should issue. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a COA."). A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

/////

Accordingly,

1. The findings and recommendations issued on May 13, 2021 (Doc. No. 6) are adopted;
2. The petition for writ of habeas corpus is dismissed;
3. The Clerk of Court is directed to close the case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **September 27, 2021**

UNITED STATES DISTRICT JUDGE